**JOHNSON & PHAM, LLP**
Christopher Q. Pham, SBN : 206697
    Email : cpham@johnsonpham.com
Susan Rabin, SBN : 122837
    Email : cjohnson@johnsonpham.com
Marcus F. Chaney, SBN : 245227
    Email : mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile:  (818) 888-7544

Attorneys for Plaintiff
3 STARS MENTORING d/b/a COMPSOLUTION

**Lee & Fields APC**
Christopher P. Fields, SBN: 174155
    chrisfields@leefieldslaw.com
3731 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Telephone: 213-380-5858
Facsimile: 213-380-5860

Attorney for Defendants
DO KI KIM, DONG RYEL RYU, AND WINI USA, INC.

**Lana Borsook, Esq.**
Lana Borsook, SBN: 43239
10430 Wilshire Boulevard, Suite 1503
Los Angeles, CA 90024
Telephone:  (310) 475-7885/470-3341
Facsimile: (310) 470-0098
    Lana-Borsook-Law@juno.com

Attorney for Defendant
FANCY MOSES, INC. d/b/a VERTISHOP

**Kyu Seung Kang,** *pro se Defendant*
750 S. Carondelet Street, #112
Los Angeles, CA 90057
(213) 505-1467

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3 STARS MENTORING, a California Corporation d/b/a COMPSOLUTION, <br><br> Plaintiff, <br><br> v. <br><br> DO KI KIM, an Individual; DONG RYEL RYU, an Individual; KYU SEUNG KANG, an Individual; WINI USA, INC., a California Corporation; FANCY MOSES, INC., a California corporation d/b/a VERTISHOP; and DOES 1-20, Inclusive, <br><br> Defendants. | Case No.: CV08-02826 DMG (MANx) <br><br> **CONSENT DECREE AND PERMANENT INJUNCTION** <br> **[170]** |

Plaintiff 3 STARS MENTORING, INC. (hereinafter "3 STARS") and Defendants DO KI KIM, DONG RYEL RYU, KYU SEUNG KANG, WINI USA, INC., and FANCY MOSES, INC. dba VERTISHOP, having consented to entry of this Consent Decree and Permanent Injunction, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## STIPULATED FACTS

Plaintiff and Defendants, as well as their agents, servants, employees, attorneys, successors and assigns, and all those persons in active concert or participation with them hereby stipulate to the following facts as true and correct:

(a) 3 STARS is a California Corporation operating under the business name CompSolution. CompSolution began its operations in 1998 by Mr. Ho Mok Lee, was incorporated in 2004, and is headquartered in Los Angeles, California. CompSolution features various website and technology services targeted towards the garment and apparel industry, including FASHIONGO.NET, a proprietary on-line wholesale shopping mall. CompSolution also developed PowerPOS, a point-of-sale program used primarily in an apparel retail environment to control inventory

and facilitate transactions. Additionally, through the LAMBS program, 3 STARS provides garment manufacturers with a wholesale distribution package. 3 STARS uses and owns various copyrights and other intellectual property in connection with such products and services, including, among others, its copyrights for the FASHIONGO.NET, POWERPOS, LAMBS, MINILAMBS (3 Stars' copyrights and other intellectual property are collectively referred to herein as "3 STARS' Copyrights").

(b). 3 STARS' copyrighted items and its derivatives as defined by the Copyright Act and identified as the following (collectively "Copyrights"):

   i. PowerPOS –      U.S. Copyright Reg. No. TX 6-851-144
  ii. FashionGo –     U.S. Copyright Reg. No. TX 6-850-891
 iii. N' Chic –       U.S. Copyright Reg. No. TX 6-850-892
  iv. LAMBS –         U.S. Copyright Reg. No. TX 6-860-161
   v. MiniLAMBS –     U.S. Copyright Reg. No. TX 6-860-163

(c). On April 30, 2008, and as subsequently amended, 3 STARS filed its lawsuit against Defendants in the case entitled, *3 Stars Mentoring, Inc., v. Do Ki Kim, Dong Ryel Ryu, Kyu Seung Kang, WINI USA, Inc. and Fancy Moses, Inc.*; Case No. 08-CV-02826 DMG (MAN) ("Action"). In that Action, 3 STARS alleged that the DEFENDANTS' actions infringe 3 STARS' rights and constitute violations of the law including Federal Copyright Infringement, Unfair Business Practices, Unjust Enrichment, Conversion, Conspiracy, Breach of Fiduciary Duty, Interference with Prospective Business Advantage, Violation of Uniform Trade Secrets Act, Intentional Destruction of Property, and Intentional Interference with Contract. Defendant Fancy Moses, Inc. was added in 2010.

## PERMANENT INJUNCTION

Defendants, as well as their agents, servants, employees, attorneys, successors and assigns, and all those persons in active concert or participation with them hereby are permanently enjoined from engaging in, committing, or performing, directly or indirectly, all of the following acts:

a. the design, creation, distribution, advertising, copying, manufacturing, importing, exporting, marketing, sale, offering for sale, distributing, whether such use is as, on, in or in connection with any logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or otherwise or dealing in any product or service that uses or make the use of any products relating to 3 STARS' copyrighted items and its derivatives as defined by the Copyright Act and identified as the following (collectively "Copyrights"):

| | | |
|---|---|---|
| i. | PowerPOS – | U.S. Copyright Reg. No. TX 6-851-144 |
| ii. | FashionGo – | U.S. Copyright Reg. No. TX 6-850-891 |
| iii. | N' Chic – | U.S. Copyright Reg. No. TX 6-850-892 |
| iv. | LAMBS – | U.S. Copyright Reg. No. TX 6-860-161 |
| v. | MiniLAMBS – | U.S. Copyright Reg. No. TX 6-860-163 |

b. Defendants KIM and WINI USA shall cease all operations relating to "ApparelBlvd.com" and all of its derivatives as defined by the Copyright Act and Lanham Act, no later than December 24, 2010, at 5:00 p.m. Pacific Standard Time. Defendants KIM and WINI USA shall cease and refrain from using the domain name "Apparel Boulevard" and/or "FashionGo" and all its derivatives as defined under the Lanham Act. In the instance Defendants KIM and WINI USA create and/or design another internet shopping mall website, within forty-eight (48) hours of written request by 3 STARS' counsel, KIM and WINI USA shall produce, in electronic format, the actual source codes and databases related to the actual internet shopping mall. Such source codes and databases may be examined by an expert, not involved in the fashion industry, retained by 3 STARS. If that expert opines that there is a violation of this Agreement and the Consent Decree entered into by the Court, then a court-appointed neutral expert shall provide an independent opinion as to any alleged further infringing activities of Defendants. Plaintiff 3 STARS shall limit the frequency of such requests for source codes,

databases, etc. from Defendants KIM and WINI USA to three times per calendar year for a period of five years.

  c. Accessing in any manner 3 STARS copyrighted material and website known as FashionGo.net;

  d. All Parties mutually agree to be permanently enjoined from interfering with one another's business enterprise(s), from soliciting one another's employees and/or clients, entering onto one another's business premises and personal residences, and making any threats, claims, allegations, and/or state and federal legal filings and claims relating to one another's employment status, immigration status, and how one another's employees are being paid;

  e. To the extent not already fully provided, Defendants shall produce to counsel for 3 STARS at the time of the mutual execution of this Agreement any and all copies of products, advertisements, promotional material, packaging, electronic media, drives, diskettes and all other materials in their possession, custody or control that utilize, include or contain any elements of the Copyrights or that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of the Copyrights;

  f. The Parties agree that the United States District Court for the Central District of California (hereinafter the "Court"), shall have sole and exclusive jurisdiction to enforce the terms of this Agreement, and agree that they will present any disputes under this Agreement, including without limitation, any claims for breach or enforcement of this Agreement, exclusively to the Court, for an indefinite period of time. Each of the Parties consents to the jurisdiction of the Court, consent to the jurisdiction of the United States Magistrate Judge and/or the United States District Court Judge, acknowledges that the Court has jurisdiction over this Agreement, and that the Court shall retain jurisdiction for the purposes of implementing and enforcing the terms of this Agreement.

g. In the event that any Party breaches this Agreement, the breaching Party shall pay all reasonable attorneys' fees, costs, and expenses incurred by the non-breaching Party relating to enforcement of this Consent Decree or any violation of any federal or state laws relating to copyright infringement, or any related claim. Each Party agrees that the remedies set forth in this Agreement are in addition to any rights and remedies the other Party may have in the event of a breach or violation of this Agreement, or any other laws, all of which rights and remedies are expressly reserved.

## MONETARY JUDGMENT

Defendants KIM and WINI USA, jointly and severally, shall be liable to Plaintiff for the monetary judgment of Forty Thousand Six Hundred Dollars ($40,600.00), which shall be payable and delivered to "Johnson & Pham, LLP" as follows:

- On or before January 12, 2011, and continuing on the twelfth (12th) day of each and every consecutive month thereafter until the Settlement Amount is paid in full, KIM and WINI USA shall pay $700.00 by money order, cashier's check, or wire transfer, for a total of fifty-eight (58) months. This monetary settlement is inclusive of the approximate $12,000.00 in sanctions ordered by the Court against paying Defendants.
- Payment shall be tendered by money order, cashier's check, or wire transfer payable to Johnson & Pham, LLP, Client Trust Account, 6355 Topanga Canyon Boulevard, Suite 115, Woodland Hills, California 91367.
- Defendants KIM and WINI USA shall have a grace period of thirty (30) days to cure a missed, late, or otherwise overdue payment in which no penalties, fines, or legal action will be taken by 3 STARS

against KIM and WINI USA for failure to comply with this Agreement (hereinafter the "Grace Period").

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: January 18, 2011

*/s/ Dolly M. Gee*
Honorable Dolly M. Gee
United State District Judge

CC: Fiscal

Approved as to form, substance, and content:

Dated: December ___, 2010      **JOHNSON & PHAM, LLP**

_____
By: Christopher Q. Pham, Esq.
Attorney for Plaintiff
3 STARS MENTORING, INC. dba COMPSOLUTION

Dated: December ___, 2010      **LEE AND FIELDS**

_____
By: Christopher P. Fields, Esq.
Attorney for Defendants
DO KI KIM, DONG RYEL RYU, WINI USA, INC.

Dated: December ___, 2010      **LANA BORSOOK**

_____
By: Lana Borsook, Esq.
Attorney for Defendant
FANCY MOSES, INC. dba VERTISHOP.

Dated: December ___, 2010      **KYU SEUNG KANG**

_____
By: Kyu Seung Kang
*Pro Se* Defendant

**CONSENT DECREE**